[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter, seeking the recovery of certain fees in the amount of $770.00 that the Plaintiff alleges are due to him for certain real estate appraisal services rendered by the Plaintiff on behalf of the Defendant, was originally filed by the Plaintiff in the Small Claims Session of the Superior Court.
On April 12, 1996, the pro se Defendant filed an Answer to the Small Claims action denying the Plaintiff's claim and asserting that the Plaintiff's claim was "not the debt of the Defendant" Simultaneously with the filing of the Answer to the Small Claims Complaint, the Defendant filed a Motion to Transfer the matter from the Small Claims Session to the regular docket of the Superior Court.
In the affidavit accompanying the Motion to Transfer, the Defendant asserts that the services rendered by the Plaintiff were rendered for "various corporations, not the defendant".
The Motion to Transfer to the regular docket was granted and the matter was subsequently tried to a conclusion before this Court.
The evidence elicited at trial was essentially uncontroverted The Plaintiff, a certified real estate appraiser, was hired by the Defendant to perform certain real estate appraisal services The Plaintiff performed the requested real estate appraisals and rendered a written report thereof. Said written report was delivered to the Defendant and the Defendant paid for said appraisals with his personal check. CT Page 6527
Subsequent thereto, the Defendant requested that the Plaintiff appear at court on two separate occasions to testify as to the said appraisals. The Plaintiff appeared at Court as requested by the Plaintiff on October 7, 1993 and November 19, 1993. However, despite repeated demand by the Plaintiff for payment, the Defendant has failed and refused to pay the Plaintiff
The Defendant asserts that he is not personally liable for the claims of the Plaintiff. Rather, claims the Defendant, certain corporate entities, of which the Defendant admits that he was both the principal and sole shareholder, are responsible for the payment claimed by the Plaintiff.
The Court is unpersuaded by the Defendant's assertions.
The Defendant admits that at no time did he indicate to the Plaintiff that the Defendant had engaged the Plaintiff's service on behalf of any corporate entity or on behalf of anyone other than the Defendant. The Defendant further testified that at the time the Plaintiff performed the appraisal services and at the time the Defendant engaged the services of the Plaintiff, the said corporate entities "did not even have a checkbook".
The evidence is clear — the Defendant engaged the Plaintiff's services, the Plaintiff performed the appraisal services in a good faith reliance upon the expectation that the Defendant would pay for the services rendered by the Plaintiff.
Accordingly, the Court finds for the Plaintiff. Judgment may enter in favor of the Plaintiff in the amount of $904.08 which amount is broken down as follows: $700.00 in principal and $204.08 in pre-judgment interest at the rate of 10.0% from 1-5-94 through 12-6-94 in accordance with the provisions of Section37-3a of the Connecticut General Statutes.
Cost are also awarded in the amount of $51.00 in accordance with the Plaintiff's Bill of Costs.
Finally, Section 52-251a of the Connecticut General Statutes provides that "Whenever the Plaintiff prevails in a Small Claims matter which was transferred to the regular docket in the Superior Court on the motion of the Defendant, the Court may allow to the Plaintiff his costs, together with reasonable attorney's fees to be taxed by the Court." CT Page 6528
When a Defendant moves to transfer a matter from the Small Claims docket to the regular docket of the Superior Court, he does so at his own peril. By doing so, the Defendant subjects himself to the possibility of an award of attorney fees in favor of the Plaintiff if the Plaintiff ultimately prevails. It is clear that the intent of the legislature in enacting such a provision is to encourage the speedy and effective resolution and disposition, in the Small Claims Session, of those matters which are capable of being so resolved in the Small Claims Session rather than further burdening an already overburdened civil trial docket in the regular session of the Superior Court
It is equally as clear that the legislature intended that there be a price to pay if the moving party, the Defendant here, does not ultimately prevail on the regular docket. That price is an award of attorney's fees
The Plaintiff's counsel in this matter has submitted an affidavit to the Court setting forth in great detail the additional legal work that was required as a result of the defendant's transfer of this matter from the Small Claims Session to the regular docket.
The Court has reviewed said Affidavit and finds it to be fair and reasonable Accordingly, the Court further orders that reasonable attorney's fees of $1,500.00 are awarded to the Plaintiff.
BY THE COURT
CARROLL, J